### TRAVERS v. SATTERLEE et al.

(Supreme Court, General Term, First Department. February 17, 1893.)

PRODUCTION OF PAPERS—WHEN ORDERED.

Where it does not appear that prejudice will result from the production of a letter demanded by the adverse party for inspection, the court will order its production.

Appeal from special term, New York county.

Action by Anna Frances Travers against Herbert L. Satterlee, executor of the last will and testament of Reverdy J. Travers, deceased, impleaded with Maria L. Travers and others, to determine the validity of a will. From an order directing that plaintiff be allowed to inspect a letter mentioned in said will, which she alleged to be in the possession of defendant Satterlee, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

George H. Kracht, (Robert E. Deyo, of counsel,) for appellant.
Yellott D. Dechert, for respondent.

VAN BRUNT, P. J. We see no reason for interfering with the order made by the court below. It does not appear that any harm can come of the production of the letter in question. If it is material to any of the issues involved in the suit, then the plaintiff is clearly entitled to an inspection; if it is immaterial, then no harm is done by allowing an inspection thereof. We think therefore, that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.